**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JASON E. BROWN,                              ) | |
| )                                            | |
| Plaintiff,         ) | |
| )                                            | |
| vs.                                          )  | CIVIL NO.  06-020-GPM |
| )                                            | |
| ALTER BARGE LINE, INC.,                      ) | |
| )                                            | |
| Defendant.         ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

The Court, on its own motion, has reviewed the notice of removal and complaint in the present case to determine whether it has subject matter jurisdiction.  Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*.  *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989).  In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Defendant removed this action, in which Plaintiff asserts a Jones Act claim under the statute and unseaworthiness and maintenance and cure claims under general maritime law, under the diversity of citizenship statute, 28 U.S.C. § 1332.  The notice of removal begins:  "Comes now Alter

Page 1 of 2

Barge Line, Inc. (Alter) and pursuant to 28 U.S.C. § 1446 states the following, *based upon information and belief*, as its Notice of Removal of this action from the Circuit Court of Madison County, Illinois" (Doc. 1 (emphasis added)).  Allegations based upon information and belief are insufficient to establish subject matter jurisdiction.  *America's Best Inns*, 980 F.2d at 1074. Defendant, as the removing party, bears the burden to establish this Court's jurisdiction, and at this time, it has not done so.

Pursuant to 28 U.S.C. § 1653, Defendant is **ORDERED** to file an Amended Notice of Removal **on or before February 27, 2006**, to cure the deficiency set forth above.  If Defendant fails to file an Amended Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Defendant cannot establish federal subject matter jurisdiction, the action will be remanded to the Third Judicial Circuit Court, Madison County, Illinois, pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction.  *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering*, 350 F.3d at 692 ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: 02/17/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge